FILED

2026 Jun-10  PM 04:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

**COREY DION GRIFFIN,**
     Petitioner,

**v.**

**UNITED STATES OF AMERICA,**
     Respondent.

**Case No. 4:23-cv-8029-CLM**
**(4:11-cr-323-CLM-HNJ)**

## MEMORANDUM OPINION

Under 28 U.S.C. § 2255, Corey Dion Griffin moves to vacate, set aside, or otherwise correct his sentence upon revocation of supervised release. (Doc. 1). Griffin also moves for an indicative ruling. (Doc. 2). Griffin contends that (1) the court erred by not giving him credit for a previous term of imprisonment when crafting his current term of incarceration and period of supervised release, and (2) counsel was ineffective for failing to point out these issues with Griffin's revocation sentence. For the reasons stated within, the court **WILL DENY** Griffin's motion to vacate (doc. 1) and **DISMISS** this case **WITH PREJUDICE**. The court will **DENY AS MOOT** Griffin's motion for an indicative ruling (doc. 2).[1]

## BACKGROUND

1. *Original conviction + sentencing*: On November 3, 2011, Griffin pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). (Doc. 26 in Case No. 4:11-cr-323-CLM-HNJ). Judge Coogler sentenced Griffin

---

[1] Griffin's motion for an indicative ruling asked the court to issue an indicative ruling but otherwise hold these § 2255 proceedings in abeyance while his appeal of his revocation proceedings was pending before the Eleventh Circuit. The Eleventh Circuit has now issued its mandate affirming this court's revocation of Griffin's supervised release. (Doc. 93 in Case No. 4:11-cr-323-CLM-HNJ). So Griffin's motion for an indicative ruling is moot.

to 131 months' imprisonment with 60 months of supervised release to follow. (*See* Doc. 44 in Case No. 4:11-cr-323-CLM-HNJ).

2. *First revocation of supervised release*: Griffin was released from custody and began his term of supervision in May 2018. In December 2018, the United States Probation Office ("USPO") petitioned the court to issue a warrant and revoke Griffin's supervised release because he had been indicted in state court for unlawful distribution of cocaine, crack cocaine, and methamphetamine. (*See* Doc. 55 in Case No. 4:11-cr-323-CLM-HNJ). During his March 2019 final revocation hearing, Griffin stipulated to having violated the terms of his supervised release by unlawfully distributing controlled substances. (*See* Doc. 76, pp. 3–5 in Case No. 4:11-cr-323-CLM-HNJ). So Judge Coogler revoked Griffin's supervised release, ordered that Griffin be imprisoned for 36 months, and imposed a 60-month period of supervised release to follow Griffin's incarceration. (*See id.*, pp. 7–8).

3. *Second revocation of supervised release*: Griffin was again released from custody and began a second period of supervised release. In February 2023, USPO petitioned for the court to again issue a warrant and revoke Griffin's supervised release because he had been charged in state court with trafficking methamphetamine. (Doc. 78 in Case No. 4:11-cr-323-CLM-HNJ). At his April 25, 2023, final revocation hearing, Griffin contested the Government's allegation that he had trafficked methamphetamine in February 2023. (*See* Doc. 91 in Case No. 4:11-cr-323-CLM-HNJ). But Judge Coogler found that the Government proved Griffin's violation by a preponderance of the evidence, and sentenced Griffin to 60 months' imprisonment to be followed by a 60-month period of supervised release. (*See id.*, pp. 59–62). Griffin appealed the finding that he had violated the terms of his supervised release, and the Eleventh Circuit affirmed. (*See* Doc. 93-1 in Case No. 4:11-cr-323-CLM-HNJ).[2]

---

[2] Griffin was later indicted in Case No. 4:23-cr-347-CLM-SGC on various drug distribution charges. Count 3 of Griffin's new federal indictment involves the conduct that caused the court to revoke Griffin's supervised release in Case No. 4:11-cr-323-CLM-HNJ. Griffin has pleaded guilty to that count (among others), and his sentencing is set for July 17, 2026. (*See* Docs. 105 & 111 in Case No. 4:23-cr-347-CLM-SGC).

4. *Section 2255 motion*: While Griffin's appeal was pending, he filed this § 2255 motion, challenging the calculation of his sentence and counsel's failure to object to his sentence. (Doc. 1). The Government has responded by arguing that (a) the court's 60-month sentence did not exceed the court's jurisdiction, and (b) counsel was not ineffective for failing to argue that Griffin's 60-month sentence was improper. (*See* Doc. 10).

## DISCUSSION

The court will discuss Griffin's argument that his second revocation sentence exceeded the court's authority and then address Griffin's claim that counsel was ineffective for failing to object to his sentence.

### A.    Revocation Sentence

1. *Legal standard*: A sentencing court "may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment" and must include "a term of supervised release if such a term is required by statute." *See* 18 U.S.C. § 3583(a). After considering the § 3553(a) factors, the court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph ***may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony***, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3) (emphasis added).

"When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(h). But "[t]he length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* Thus, under the relevant statutes, "(1) subsequent revocations [are not] dependent on the term of supervised release initially imposed; (2) statutory caps are per-revocation limits not subject to aggregation; and (3) another term of supervised release may be imposed after release following revocation and reimprisonment subject to credit for prior revocation." *United States v. Cunningham*, 800 F.3d 1290, 1293 (11th Cir. 2015).

2. *Application*: Griffin argues that the 60-month sentence for his second supervised release violation is an illegal sentence because it exceeds the statutory maximum sentence allowed by § 3583. As Griffin points out, he was convicted of a class A felony, so 5 years' (or 60 months) imprisonment was the highest sentence the court could impose for a violation of the conditions of Griffin's supervised release. *See* 18 U.S.C. § 3583(e)(3). Thus, Griffin contends that the court plainly erred by sentencing him to 60 months' imprisonment for his second supervised release violation, after having already sentencing him to 36 months' imprisonment for his first supervised release—*i.e.*, a total of 96 months in prison, which is greater than the 60-month statutory cap.

Griffin's argument relies on cases interpreting the pre-2003 version of § 3583. (*See* Doc. 1, pp. 5–6). But Congress amended § 3583(e)(3) with the PROTECT Act of 2003 "to expressly provide that the statutory caps now apply to each revocation of supervised release" by adding the phrase "on any such revocation" to modify the applicable felony class limits. *See Cunningham*, 800 F.3d at 1292–93; *see also* 18 U.S.C. § 3583(e)(3). Thus, "upon each revocation of supervised release, a defendant may be sentenced to the felony class limits contained within § 3583(e)(3) without regard to imprisonment previously served for revocation of supervised release." *Cunningham*, 800 F.3d at 1293. And because 60 months' imprisonment was within the statutory cap for class A felonies, the court did not err in sentencing Griffin to 60 months' imprisonment for his second supervised release violation.

4

Nor did the court err by requiring Griffin to be placed on a term of 60 months' supervised release following his incarceration for his second supervised release violation. The authorized term of supervised release for class A felonies is typically "not more than five years." *See* 18 U.S.C. § 3583(b)(1). But 21 U.S.C. § 841(b)(1)(B) says that "[n]otwithstanding section 3583 of title 18, any sentence imposed under this subparagraph shall, in the absence of [a qualifying] conviction, include a term of supervised release of at least 4 years in addition to such term of imprisonment and shall, if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment." *See* 21 U.S.C. § 841(b)(1)(B). Thus, § 841(b)(1)(B) rather than § 3583(b)(1) provides the relevant terms of supervised release for drug offenders like Griffin.

A statute that does not list a maximum term of punishment authorizes up to a life term. *See United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993). So the Eleventh Circuit has interpreted § 841(b)(1)(B) as authorizing up to a lifetime term of supervised release. *See United States v. Sholtz*, 2022 WL 5067744, at *2 (11th Cir. Oct. 5, 2022) (citing *United States v. Sanchez*, 269 F.3d 1250, 1287–88 (11th Cir. 2001) (en banc), *abrogated in part on other grounds by United States v. Duncan*, 400 F.3d 1297 (11th Cir. 2005)). Because the court was authorized to subject Griffin to a lifetime term of supervision, the court's sentence of 60 months' supervision following Griffin's imprisonment for his supervised release violations did not violate § 3583(h)'s requirement that Griffin's new term of supervision "not exceed the term of supervised release authorized by statute . . . less any term of imprisonment that was imposed upon revocation of supervised release." *See* 18 U.S.C. § 3583(h).

For all these reasons, the court will deny Griffin's claim that the court erred by imposing a statutory illegal sentence.

## B.    Ineffective Assistance of Counsel

Griffin next contends that counsel was ineffective for failing "to object to the illegal sentence." (Doc. 1, p. 2). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to this claim. *See Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). Under *Strickland*, to show ineffective assistance of counsel, Griffin must prove "(1) that counsel's

representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (quotations and citations omitted).

As discussed, Griffin's sentence for his second supervised release violation wasn't an illegal sentence under 18 U.S.C. § 3583 and was authorized by the relevant statutes. So counsel did not perform deficiently by failing to argue that Griffin's revocation sentence exceeded the court's statutory authority. Nor did counsel's failure to make this argument prejudice Griffin because there is no "reasonable probability that . . . the result of the proceeding would have been different" had counsel argued that Griffin's sentence was impermissibly excessive. *See Strickland*, 466 U.S. at 694. Thus, the court will deny Griffin's ineffective assistance of counsel claim.

### C.   Evidentiary Hearing

A § 2255 petitioner is entitled to an evidentiary hearing if he "alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). Griffin alleges no facts that would establish that his 60-month revocation sentence was higher than what is authorized by statute or that his counsel was ineffective for failing to object to the court's sentence. So Griffin isn't entitled to an evidentiary hearing, and the court will dismiss this case without holding a hearing.

### CONCLUSION

For these reasons, the court will **DENY** Griffin's motion to vacate, set aside, or correct his sentence (doc. 1) and **DISMISS** this case **WITH PREJUDICE.** The court will **DENY AS MOOT** Griffin's motion for an indicative ruling (doc. 2).

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the

constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Griffin's claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** on June 10, 2026.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE